UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRONE SWINTON,

                                      **Plaintiff,**

                -against-

KEVIN ADAMS, THE LITTLE SNACK HOUSE, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE DOE" AND "JOHN DOE" 1 'through' 10 inclusive, the names of the last defendants being fictitious, the true names of the defendants being unknown to the plaintiff,

                                      **Defendants.**

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**

07-CV-2274 (ARR)(RML)

JURY TRIAL DEMANDED

        Defendants City of New York ("City") and New York City Police Department ("NYPD"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        5.  Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is a municipal corporation, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendants City and NYPD.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in the first paragraph labeled "26" of the complaint.

27. Deny the allegations set forth in the second paragraph labeled "26" of the complaint.

28. Deny the allegations set forth in paragraph "27" of the complaint, except admit that a document purported to be a Notice of Claim was received by the City of New York on January 10, 2007.

29. Deny the allegations set forth in paragraph "28" of the complaint, except admit that a document purported to be a Complaint was filed with the Court on June 6, 2007.

30. In response to the allegations set forth in paragraph "29" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "30" of the complaint.

32. Deny the allegations set forth in paragraph "31" of the complaint.

33. Deny the allegations set forth in paragraph "32" of the complaint.

34. Deny the allegations set forth in paragraph "33" of the complaint.

35. In response to the allegations set forth in paragraph "34" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

36. Deny the allegations set forth in paragraph "35" of the complaint.

37. Deny the allegations set forth in paragraph "36" of the complaint.

38. Deny the allegations set forth in paragraph "37" of the complaint.

39. Deny the allegations set forth in paragraph "38" of the complaint.

40. Deny the allegations set forth in paragraph "39" of the complaint.

41. In response to the allegations set forth in paragraph "40" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "41" of the complaint.

43. Deny the allegations set forth in paragraph "42" of the complaint.

44. In response to the allegations set forth in paragraph "43" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "44" of the complaint.

46. Deny the allegations set forth in paragraph "45" of the complaint.

47. Deny the allegations set forth in paragraph "46" of the complaint.

48. Deny the allegations set forth in paragraph "47" of the complaint.

49. Deny the allegations set forth in paragraph "48" of the complaint.

50. Deny the allegations set forth in paragraph "49" of the complaint.

51. Deny the allegations set forth in paragraph "50" of the complaint.

52. Deny the allegations set forth in paragraph "51" of the complaint.

53. Deny the allegations set forth in paragraph "52" of the complaint.

54. In response to the allegations set forth in paragraph "53" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

55. Deny the allegations set forth in paragraph "54" of the complaint.

56. Deny the allegations set forth in paragraph "55" of the complaint.

57. Deny the allegations set forth in paragraph "56" of the complaint.

58. Deny the allegations set forth in paragraph "57" of the complaint.

59. In response to the allegations set forth in paragraph "58" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "59" of the complaint.

61. Deny the allegations set forth in paragraph "60" of the complaint.

62. Deny the allegations set forth in paragraph "61" of the complaint.

63. Deny the allegations set forth in paragraph "62" of the complaint.

64. Deny the allegations set forth in paragraph "63" of the complaint.

65. In response to the allegations set forth in paragraph "64" of the complaint, defendants City and NYPD repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

66. Deny the allegations set forth in paragraph "65" of the complaint.

67. Deny the allegations set forth in paragraph "66" of the complaint.

68. Deny the allegations set forth in paragraph "67" of the complaint, and respectfully refer the Court to the provision referenced therein for a full statement of its content.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

69. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

70. Defendants City and NYPD have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

71. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants City and NYPD have governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

72. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City or NYPD.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

73. There was probable cause for plaintiff's detention and arrest, if any.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

74. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

75. The New York City Police Department is not a suable entity.

- 7 -

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

76. Plaintiff has failed to comply with New York General Municipal Law § 50-e.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

77. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City and NYPD request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           September 5, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants City and NYPD
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-0906

                                        By:          /s/
                                              Shawn D. Fabian (SF4606)
                                              Assistant Corporation Counsel
                                              Special Federal Litigation Division

To:    Nkereuwem Umoh, Esq. (By ECF and First Class Mail)
       Law Office of Uwem Umoh, Esq.
       Attorney for Plaintiff
       255 Livingston Street, 4th Floor
       Brooklyn, New York 11217

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On September 5, 2007, I served the annexed "**ANSWER OF DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**," upon Nkereuwem Umoh, Esq., attorney for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

> Nkereuwem Umoh, Esq.
> Law Office of Uwem Umoh, Esq.
> 255 Livingston Street, 4th Floor
> Brooklyn, New York 11217

being the address designated by plaintiff for that purpose.


Dated: New York, New York
       September 5, 2007

                                                          /s/
                                                    SHAWN D. FABIAN
                                                    ASSISTANT CORPORATION COUNSEL